## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-03600 MMM (OPx) | Date | May 26, 2010 |

| | |
|---|---|
| Title | *Martha Heidinger v. RMMK-II, LLC, et. al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  **Order to Show Cause Why Action Should Not be Remanded for Lack of Subject Matter Jurisdiction**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 2009, plaintiff Martha Heidinger filed this action in Los Angeles Superior Court against defendants RMMK-II, LLC ("RMMK"), Omni Hotels Management Corp. ("Omni"), and certain fictitious defendants.[1]  Plaintiff alleges claims against RMMK and Omni for premises liability and negligence.

On May 13, 2010, RMMK and Omni removed the action to federal court.  Defendants assert that the matter falls within the court's diversity jurisdiction under 28 U.S.C. § 1332.  Defendants state that they first received notice that the amount in controversy exceeded $75,000 on April 29, 2010 when plaintiff responded to their request for an itemization damages.[2]  Defendants allege that plaintiff is a citizen of California, and that RMMK and Omni are incorporated under Delaware law with their

---

[1] Notice of Removal, Exhibit A ("Complaint"), Docket No. 1 (May 13, 2010).  The citizenship of fictitious defendants is not considered in assessing whether removal is proper.  See 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

[2] *Id.*, ¶ 7; Exh. E (alleging medical bills, lost earnings and other costs in excess of $163,955.84).

principal places of business in Texas.³  Although RMMK appears to be a limited liability corporation, defendants do not allege the citizenship of RMMK's members.

## II.  DISCUSSION

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Federal courts have subject matter jurisdiction over suits between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a).  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction.  See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits treating LLCs like partnerships).  Thus, "an LLC is a citizen of every state of which its owners/members are citizens."  *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

Although RMMK appears to be a limited liability company, defendants allege only that it is formed under Delaware law with its principal place of business in Texas.⁴  The notice of removal does not allege the citizenship of the individual members of RMMK or state that RMMK is not a limited liability company.  As a result, the court is unable to determine whether there is complete diversity of citizenship between plaintiff and defendants.

## III.  CONCLUSION

---

³*Id.*, ¶ 12.

⁴*Id.*

The court directs the removing defendant RMMK to show cause, on or before **June 14, 2010**, why the court should not remand this action to state court for lack of subject matter jurisdiction. If RMMK is a limited liability company, it must demonstrate that there is complete diversity of citizenship between all of its members and plaintiff to establish that the court has jurisdiction to hear this matter under 28 U.S.C. § 1332.